## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| K.D., by and through her parents, | : | CIVIL ACTION |
| Theresa and Jonathan Dunn, | : | |
|     Plaintiffs | : | |
| | : | |
| v. | : | NO. 16-0165 |
| | : | |
| DOWNINGTOWN AREA | : | |
| SCHOOL DISTRICT, | : | |
|     Defendant | : | |

### M E M O R A N D U M

**STENGEL, J.**                                                                                          **August  29, 2016**

The plaintiffs initiated this civil action against their local school district pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. They are appealing the decision of a hearing officer who found that the school district did not violate their child's right to a free appropriate public education ("FAPE") from September 2011 through December 2014.  The plaintiffs have filed a motion seeking to present additional evidence which they indicate was unavailable to them prior to the administrative hearing.  The defendants strongly object to the admission of this evidence. For the following reasons, I will deny the motion in its entirety.

The plaintiffs request to supplement the record with: (1) the defendant's answers to the plaintiffs' first set of interrogatories and its responses to their request for the production of documents; (2) the AIMSweb reports for school years 2012-2013, 2013-2014, and 2014-2015; and (3) the teacher's manual for fundations used by K.D.'s teacher.

In a civil action brought in district court following a due process hearing pursuant to the IDEA, the district court "shall hear additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(C)(ii); accord 34 C.F.R. § 300.516(c)(2).  "Additional evidence" does not refer to all evidence, but rather to evidence that properly supplements the administrative record.  See Susan N. v. Wilson Sch. Dist., 70 F.3d 751, 759 (3d Cir. 1995).  The Third Circuit Court of Appeals has stated that "a district court first must evaluate a party's proffered evidence before deciding to exclude it."  Id.  While a district court appropriately may exclude additional evidence, a court must exercise particularized discretion in its rulings.  When exercising this discretion, the court should be mindful of the IDEA's "general framework of deference to state decision-makers."  Antoine M. v. Chester Upland Sch. Dist., 420 F.Supp.2d 396, 402 (E.D. Pa. 2006) (quoting Susan N., 70 F.3d at 758).  "[I]n determining whether to admit the proffered additional evidence," the question for a district court is "would the evidence assist the court in ascertaining whether Congress's goal has been and is being reached for the child involved."  Id. at 760.  Automatic admission of new evidence "would vitiate congressional intent that courts defer to the educational expertise of the agency."  Lebron v. N. Penn Sch. Dist., 769 F.Supp.2d 788, 795 n.7 (E.D. Pa. 2011).  Evidence may be excluded when it would merely "embellish" testimony provided at the administrative hearing.  Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 161 (3d Cir. 1994).

Before admitting additional evidence, "a court must determine whether the party introducing the additional evidence has presented a sufficient justification for not proffering the evidence at the administrative hearing." Antoine M., 420 F.Supp.2d at 403

(citing Susan N., 70 F.3d at 760). Factors that a court may consider in deciding whether to admit additional evidence include (1) whether a procedural bar prevented the introduction of the evidence at the administrative hearing; (2) whether the party seeking admission of the evidence deliberately withheld it at the hearing for strategic reasons; (3) whether the introduction of the additional evidence at the district court level would be prejudicial to the opposing party; and (4) the potential impact of the admission of the evidence on the administration of justice, that is, whether the party seeks to introduce not just new evidence but a new legal theory unrelated to the legal theory presented at the due process hearing. Id.

The plaintiffs argue that there is no barrier to the admissibility of the additional evidence they propose. They claim there is no discovery in the Pennsylvania administrative hearing process, so the plaintiffs were limited in the records they could obtain from the District. For example, the plaintiffs argue that they could not obtain the data comparing K.D.'s performance to that of her peers until they filed this action. Thus, the plaintiffs insist, the first two Antoine M. factors do not bar the evidence because the plaintiffs did not have access to, and therefore could not present, this evidence at the hearing.

The plaintiffs further argue that admission of the evidence does not prejudice the school district because the school district already possesses all of the proposed supplemental evidence. Finally, the plaintiffs argue that their legal theory has remained the same throughout the litigation: in addition to denying K.D. a free and appropriate public education under the IDEA, the defendant violated Section 504 and the ADA by

failing to provide an education to K.D. as effective as that provided to her peers and by failing to provide reasonable accommodations for her disability.

The defendant strongly disagrees that the Antoine M. factors support supplementing the record.  First, the defendant argues that there is no procedural bar that prevented asking for the evidence or introducing the evidence and certainly no procedural bar (or motion, objection, or other indicator) is evident in either the plaintiff's motion or the administrative record.  Second, the School District does not know if the plaintiffs deliberately chose not to previously seek the items, but it argues that the plaintiffs' reasons for not asking for the evidence are unimportant.  Not asking for certain evidence, the defendant argues, is in the same conceptual box as not presenting certain evidence. Thus, the defendant insists that the first two factors do not support supplementing the record.

Third, the defendant contends that, contrary to the plaintiffs' assertion, "bending the rules" to favor one party is quite prejudicial.  The defendant feels that, if the motion were granted, it would be prejudiced by not having been able to address the offered materials at the administrative hearing.  The plaintiffs' assertion that the information was available to the School District misses that important point.  The defendant characterizes the plaintiffs' argument as a hollow but ironic one that acknowledges that the information was available but for the asking.

Finally, the defendant insists that the fourth factor also does not support supplementing the record.  It contends that the plaintiffs only concentrated on their FAPE claim at the administrative level, leaving their Section 504 and ADA claims barely

4

argued.  Those claims did not appear in the plaintiffs' administrative hearing opening statement or in the hearing officer's identification of the issues.  The plaintiffs' closing brief "breezes over" the Section 504 and ADA claims.  Thus, the defendant contends that the plaintiffs have, in fact, changed their legal theory from disability-based discrimination to "but for a better effort by the School District," K.D. "would have obtained a better outcome."  The defendant cautions that the regulations explain that the opportunities, benefits, or services are not required to produce an identical result or level of achievement for handicapped and non-handicapped persons, but must afford handicapped persons equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement, in the most integrated setting appropriate to the person's needs.  See 34 C.F.R. § 104.4(b)(2).

    After careful consideration of the motion, and being mindful of the IDEA's general framework of deference to state decision-makers, I must agree with the defendant that the proposed new evidence, particularly that relating to the AIMSweb[1] evidence, points toward the outcome, rather than showing whether the School District's efforts were sufficient for K.D. and her particular needs.  It would seem to be irrelevant to compare K.D.'s performance to any other student's performance.

---

[1]  AIMSweb is defined online as the leading assessment and RTI [Response to Intervention] solution in school today -- a complete web-based solution for universal screening, progress monitoring, and data management for Grades K-12.  See http://www.pearsonassessments.com/learningassessments/products.  At the foundation of AIMSweb are general outcome measures, a form of curriculum-based measurement used for universal screening and progress monitoring.  Id.

Further, as the defendant points out, the evidence was available to the plaintiffs before the administrative hearing by asking the defendant for it.  By not requesting the evidence and not submitting it at the administrative level, the defendant was deprived of the right to address it at that level.  Accordingly, I will deny the motion to supplement the record.

An appropriate Order follows.